IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.   05-cv-00393-RPM

ENSERCO ENERGY, INC.,

        Plaintiff,

v.

SHAWN T. McLAUGHLIN,
WILLIAM WARBURTON,
MATTHEW REED, and
DARRELL DANYLUK,

        Defendants.

_____

ORDER OF DISMISSAL
_____

In the complaint initiating this civil action, filed March 2, 2005, Enserco Energy, Inc., invokes the jurisdiction granted by 28 U.S.C. § 1331.  Of the eight claims for relief alleged, only the first claim is based on federal law.  In it, the plaintiff alleges that the defendants, all of whom were employees of the plaintiff, engaged in a pattern of racketeering activity in violation of 18 U.S.C. § 1962 for which damages may be recovered under § 1964(c).  Enserco alleges that these defendants as traders conducted trading activities as its employees resulting in an investigation by the Commodity Futures Trading Commission (CFTC) and a $3,000,000 settlement with that agency paid by Enserco.  The plaintiff also alleges that it is subject to class action litigation on the basis of the same activity.

The defendants filed motions to dismiss the complaint and as to the first claim for relief, asserted the failure to allege the existence of an "enterprise" within the

meaning of 18 U.S.C. § 1961(4).  The plaintiff filed responses to these motions, asserting that the complaint sufficiently alleges that the defendants operated as a continuing unit separate and apart from their duties.  The argument is not persuasive.  The factual allegations of the complaint are based on an incorporation by reference of the assertions made by the CFTC and while the corporation may seek to distance itself from any approval of the defendants' conduct, it is clear that they were conducting trading activity on behalf of Enserco and not as a separate enterprise.  The allegations of the first claim for relief are insufficient to plead a RICO claim and therefore must be dismissed under Fed. R. Civ. P. 12(b)(6).

All of the other claims for relief are state law claims, not within the jurisdiction of this court in the exercise of supplemental jurisdiction under 28 U.S.C. § 1367.  In the absence of a viable federal claim, there is no supplemental jurisdiction.

Upon the foregoing, it is

ORDERED that the first claim for relief is dismissed under Fed. R. Civ. P. 12(b)(6) and it is

FURTHER ORDERED that all other claims for relief are dismissed, without prejudice, for lack of subject matter jurisdiction.

DATED: March 17, 2006

                                      BY THE COURT:

                                      s/Richard P. Matsch
                                      _____
                                      Richard P. Matsch
                                      Senior U. S. District Judge